1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11 | FREDERICK M. HARVEY,

12 |      Plaintiff,

13 |      v.

14 | A. FLORES,

15 |      Defendant.

Case No.  1:12-cv-01518-MJS (PC)

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

(ECF No. 1)

AMENDED PLEADING DUE WITHIN THIRTY (30) DAYS

16

17 **I.     PROCEDURAL HISTORY**

18      Plaintiff Frederick M. Harvey is a former state prisoner proceeding pro se and in

19 forma pauperis in this civil rights action filed on September 14, 2012 pursuant to 42

20 U.S.C. § 1983. (ECF No. 1.) The complaint is now before the Court for screening.

21 **II.     SCREENING REQUIREMENT**

22      The Court is required to screen complaints brought by prisoners seeking relief

23 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

24 § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

25 raised claims that are legally "frivolous, malicious," or that fail to state a claim upon

26 which relief may be granted, or that seek monetary relief from a defendant who is

27 immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or

28 any portion thereof, that may have been paid, the court shall dismiss the case at any

1

1    time if the court determines that . . . the action or appeal . . . fails to state a claim upon

2    which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3        Section 1983 "provides a cause of action for the deprivation of any rights,

4    privileges, or immunities secured by the Constitution and laws of the United States."

5    Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983.

6    Section 1983 is not itself a source of substantive rights, but merely provides a method

7    for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386,

8    393-94 (1989).

9    **III.    SUMMARY OF COMPLAINT**

10       Plaintiff claims that while incarcerated at North Kern State Prison (NKSP),

11   Defendant A. Flores, NKSP Correctional Sergeant, used excessive force against him.

12       Plaintiff alleges that:

13       On March 21, 2012 (sic),[1] in front of Building C-1 patio area, while in the prone

14   position, he was struck by Defendant Flores.

15       The administrative documentation of the incident attached to the complaint

16   suggests the following. Plaintiff and other inmates in Building C-1 became loud and

17   disrespectful. When some of the inmates approached the podium, a corrections officer

18   sounded an alarm. Defendant and other correctional staff responded. Plaintiff was

19   blocking a fire door to Building C-1 and ignored Defendant's order to move away from

20   the door and get down. Defendant struck Plaintiff with his baton. Plaintiff ultimately

21   complied with Defendant's order.

22       As a result of the incident, Plaintiff was placed in Administrative Segregation. He

23   was charged of conspiracy to commit battery on a peace officer. He was found "not

24   guilty" at serious rules violation proceedings and the charge was dismissed.

25       Plaintiff seeks monetary damages.

26

27

28   _____

[1] Certain administrative documentation attached to the complaint indicates the incident occurred on March 20, 2012.

2

1 **IV.   ANALYSIS**

2     **A.   Pleading Requirements Generally**

3     To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

4 that a right secured by the Constitution or laws of the United States was violated and (2)

5 that the alleged violation was committed by a person acting under the color of state law.

6 See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

7 1245 (9th Cir. 1987).

8     A complaint must contain "a short and plain statement of the claim showing that

9 the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

10 are not required, but "[t]hreadbare recitals of the elements of a cause of action,

11 supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

12 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

13 Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is

14 plausible on its face." Id. Facial plausibility demands more than the mere possibility that

15 a defendant committed misconduct and, while factual allegations are accepted as true,

16 legal conclusions are not. Id. at 667-68.

17     **B.   Excessive Force**

18         1.   Legal Standard

19     The Cruel and Unusual Punishments Clause of the Eighth Amendment protects

20 prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 36

21 (2010); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). To state an Eighth Amendment

22 claim, a plaintiff must allege that the use of force was "unnecessary and wanton

23 infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious

24 and sadistic use of force to cause harm always violates contemporary standards of

25 decency, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at

26 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment

27 excessive force standard examines de minimis uses of force, not de minimis injuries).

28 However, not "every malevolent touch by a prison guard gives rise to a federal cause of

1   action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and

2   unusual punishments necessarily excludes from constitutional recognition de minimis

3   uses of physical force, provided that the use of force is not of a sort repugnant to the

4   conscience of mankind." Id. at 9–10.

5          Whether force used by prison officials was excessive is determined by inquiring if

6   the "force was applied in a good-faith effort to maintain or restore discipline, or

7   maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must

8   look at the need for application of force; the relationship between that need and the

9   amount of force applied; the extent of the injury inflicted; the extent of the threat to the

10  safety of staff and inmates as reasonably perceived by prison officials; and any efforts

11  made to temper the severity of the response. See Whitley v. Albers, 475 U.S. 312, 321

12  (1976). The absence of significant injury alone is not dispositive of a claim of excessive

13  force. See Wilkins, 559 U.S. at 37. "Neither accident nor negligence constitutes cruel

14  and unusual punishment, as '[i]t is obduracy and wantonness, not inadvertence or error

15  in good faith, that characterize the conduct prohibited by the Cruel and Unusual

16  Punishments Clause.'" Williams v. Ramirez, 2009 WL 1327515, *3 (E.D. Cal. May 12,

17  2009), quoting Whitley, 475 U.S. at 319.

18                2.      Analysis

19         Plaintiff alleges that Defendant Flores struck him while he was prone, but fails to

20  provide factual detail sufficient for the Court to determine whether a cognizable claim

21  has been stated. Instead he attaches documents which suggest the force was a

22  reasonable response to Plaintiff's failure to obey an order causing a potential safety risk

23  by blocking a door. Plaintiff needs to explain his actions and interaction with Defendant

24  immediately prior to the application of force and state whether he had complied and was

25  complying with Defendant's orders. He needs to describe the nature, extent and

26  duration of force applied, his response to it, and the extent of injuries caused by its

27  application.

28

1      Plaintiff will be given leave to amend this claim. In his amended complaint,

2 Plaintiff should provide facts responsive to the above questions.

3 **V.**     **CONCLUSION AND ORDER**

4      Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will

5 grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d

6 1122, 1130 (9th Cir.  2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

7      If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a

8 deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set

9 forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at

10 1949, quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each

11 named Defendant personally participated in a deprivation of his rights. Jones v.

12 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

13      Plaintiff should note that although he has been given the opportunity to amend, it

14 is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

15 Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on

16 curing the deficiencies set forth above.

17      Finally, Plaintiff is advised that Local Rule 220 requires that an amended

18 complaint be complete in itself without reference to any prior pleading. As a general

19 rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

20 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint

21 no longer serves any function in the case. Therefore, in an amended complaint, as in an

22 original complaint, each claim and the involvement of each defendant must be

23 sufficiently alleged. The amended complaint should be clearly and boldly titled "First

24 Amended Complaint", refer to the appropriate case number, and be an original signed

25 under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

26 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

27 right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

28      Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his complaint filed September 14, 2012;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, it is recommended that this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   July 29, 2013                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE